IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANA RENEE LEE,

    Plaintiff,

v.                                                                                            Civil No. 04-0049 WJ/RHS

CONTINENTAL CASUALTY COMPANY
and CNA GROUP LIFE ASSURANCE COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR DETERMINATION OF CHOICE OF LAW AND DISMISSAL OF NEW MEXICO STATUTORY CLAIMS

THIS MATTER comes before the Court pursuant to Defendants' Motion for Determination of Choice of Law [Docket No. 17]. Having reviewed the submissions of the parties and the applicable law, the Court finds the motion is well taken and will be granted.

According to Plaintiff's Complaint, Plaintiff was employed by the University of Texas System on or about October 1999 through December 2001. As part of her employment benefits, Plaintiff was provided an opportunity to purchase disability insurance benefits from Defendants. Plaintiff alleges that she purchased the benefits. Plaintiff alleges that she has Fibromyalgia, and that this condition rendered her unable to perform her job starting in the Summer of 2001.

Plaintiff alleges in her Complaint that she filed a claim with Defendants on or about December 4, 2001, and Defendants notified her that they were denying her request for benefits on or about January 22, 2002. Defendants' Exhibit D indicates that this letter was sent to Plaintiff at an address in New Braunfels, Texas. According to her Complaint, Plaintiff appealed the decision sometime around March 20, 2002. On or about May 22, 2002, Defendants notified Plaintiff that

her appeal was denied.

Plaintiff's Complaint contains nine counts. The first count is titled "Denial of Physical Disability Benefits Due" and is purported to be brought pursuant to the laws of the State of Texas and the State of New Mexico. Complaint ¶¶ 39-46. The second count is a claim for breach of the covenant of good faith and fair dealing and is brought pursuant to New Mexico law. Complaint ¶¶ 47-51. The third count is a claim for violation of the New Mexico Unfair Insurance Practices Act. Complaint ¶¶ 52-57. The fourth count is a claim for violation of the New Mexico Unfair Practices Act. Complaint ¶¶ 58-65. The fifth claim is brought for negligence and, according to the Complaint, is brought pursuant to the laws of the States of New Mexico and Texas. Complaint ¶¶ 66-72. The sixth count is brought for violation of the Texas Insurance Code. Complaint ¶¶ 73-79. The seventh count seeks recovery for a violation of the Texas Business and Commercial Code. Complaint ¶¶ 80-85. The eighth and ninth[1] counts are both claims for violation of the Texas Insurance Code. Complaint ¶¶ 86-99.

Defendants filed the instant motion in which Defendants ask that the Court determine that the law of the State of Texas applies to all claims brought by Plaintiff in this case. Plaintiff's Response to the motion concedes that, in addition to those counts specifically alleging violations of Texas statutory law (Counts VI, VII, VIII and Nine), the law of Texas should be applied to Counts I and V. This leaves the question of what law should apply to Counts II, III and IV.

Defendants' Memorandum in support of the motion attaches five exhibits that are documents related to the insurance policy issued to The University of Texas System, letters sent

---

[1] Both the eighth and ninth counts are titled "Count VIII Violation of Texas Insurance Code." However, they allege violations of different sections of the Texas Insurance Code so are not duplicative. The Court will hereinafter refer to the second "Count VIII" as "Count Nine".

by Defendants to Plaintiff regarding their denial of her request for benefits, and Plaintiff's initial Rule 26 disclosures.  Plaintiff's Response argues that Defendants' motion must be construed as motion for summary judgment rather than choice of law motion because of the exhibits attached to the motion.  Defendants' Reply indicates that their motion does not seek dismissal of any of Plaintiffs' substantive claims, but only a determination by the Court that the law of Texas will apply to all claims in this case.

**LEGAL STANDARD**

A motion seeking dismissal of an entire complaint on choice of law principles is construed as a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.  See Wai v. Ranibow Holdings, 315 F.Supp.2d 1261, 1267-68 (S.D. Fla. 2004); Webster v. Royal Caribbean Cruises, Ltd., 124 F.Supp.2d 1317, 1320 (S.D. Fla. 2000).  In addressing such a motion, the court may consider matters outside the pleadings without converting the motion to one for summary judgment under Rule 56.  Webster, 124 F.Supp.2d at 1320.

Defendants' motion cannot be characterized as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(3) because it does not seek dismissal of Plaintiff's entire Complaint by arguing that this Court is an improper venue for this case.  However, the Court agrees with Plaintiff that Defendants' motion should be treated as a motion for summary judgment.  In In re Air Crash Disaster at Sioux City, Iowa, 734 F.Supp. 1425 (N.D. Ill. 1990), the court was faced with a motion to determine the choice of law applicable to claims for punitive damages.  The plaintiffs in that case argued that the motion had to be treated as one for summary judgment because the defendants had referred to matters outside the pleadings.  The plaintiffs consequently declined to

respond to the choice of law issue on the basis that discovery had not yet been conducted on the issue. The court purported to reject the plaintiffs' argument that the motion must be treated as one for summary judgment. Id. at 1430. In doing so, however, the court essentially applied a summary judgment standard in noting that the plaintiffs did not suggest that any material issue of fact existed or that there was any dispute as to any of the facts relevant to a choice of law analysis. Id. The court then decided the choice of law issue, but provided the plaintiffs with an opportunity to move for reconsideration if the plaintiffs could demonstrate a particularized need for discovery on a specific factual predicate for the choice of law analysis. Id. For all practical purposes, this amounted to an invitation to the plaintiffs to seek reconsideration by filing a Rule 56(f) affidavit.

While Defendants maintain that they do not seek dismissal of any of Plaintiff's substantive claims, Counts III and IV are brought pursuant to New Mexico statutes, and the practical effect of a ruling by this Court that the law of Texas applies to all claims would be the dismissal of Counts III and IV for failure to state a claim under Texas law. Thus, Defendants' motion is properly characterized as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and, because the Court will refer to matters outside the pleadings in deciding the choice of law issue, the motion is properly treated as one for summary judgment under Fed. R. Civ. P. 56.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Worrell v. Henry, 219 F.3d 1197, 1204 (10th Cir. 2000). In ruling on a motion for summary judgment, a Court does not weigh the evidence, but determines whether the evidence presents a sufficient disagreement to require

4

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Jeffries v. State of Kansas, 147 F.3d 1220, 1228 (10th Cir. 1998). In making this determination, the Court must construe all the facts in the record and reasonable inferences that can be drawn from those facts in a light most favorable to the nonmoving party. Worrell, 219 F.3d at 1204; Jeffries, 147 F.3d at 1228.

**DISCUSSION**

A federal court must apply the choice of law principles of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Century 21 Real Estate Corp. v. Meraj Intern. Inv. Corp., 315 F.3d 1271, 1281 (10th Cir. 2003). Accordingly, I will apply the choice of law principles of the State of New Mexico in determining whether the laws of Texas or the laws of New Mexico apply to the claims in this case.

Under New Mexico law, insurance policies are interpreted by the same rules that govern the interpretation of contracts. Rummel v. Lexington Ins. Co., 945 P.2d 970, 976 (N.M. 1997). New Mexico law recognizes the validity of choice of law provisions contained in contracts. Burge v. Mid-Continent Cas. Co., 933 P.2d 210, 214 (N.M. 1996). Absent a choice of law provision in a contract, under New Mexico law the law of the place the contract was executed generally applies. Shope v. State Farm Ins. Co., 925 P.2d 515, 517 (N.M. 1996). Only when application of a choice of law rule would result in a violation of fundamental principles of justice will New Mexico courts apply New Mexico law. United Wholesale Liquor Co. v. Brown-Forman Distillers, Corp., 775 P.2d 233, 236 (N.M. 1989).

With regard to the choice of law provisions governing actions sounding in tort, New Mexico adheres to the doctrine of *lex loci delicti* or "place of the wrong" and applies the law of

the state in which the wrongful conduct occurred.  Torres v. State, 894 P.2d 386, 390 (N.M. 1995).  The "place of the wrong" is the "the location of the last act necessary to complete the injury."  Id.  Again, only when application of the rule will result in violation of New Mexico public policy will the New Mexico courts apply New Mexico law when the alleged wrongful conduct occurred in another jurisdiction.  Id.

The choice of law provision contained in the insurance contract in this case states that the policy is "delivered in and governed by the laws of the governing jurisdiction."  See Exhibit A to Defendants' Memorandum in Support [Docket No. 18].  The policy was delivered in Texas.  See Exhibit B to Defendants' Memorandum in Support.  Accordingly, the choice of law provision in the contract specifies that the laws of Texas will govern the insurance contract.  Moreover, the contract was executed while Plaintiff was residing in Texas and was employed by the University of Texas.  Thus, the law of Texas applies to the insurance contract and claims arising under the contract in accordance with New Mexico choice of law principles.

Plaintiff's tort claims are also governed by the law of Texas.  First, the tort claims arise out of the contractual relationship between Plaintiff and the Defendants.  Additionally, the tort claims are brought based on Defendants' alleged denial of Plaintiff's claim for benefits.  The initial denial of benefits was "the last act necessary to complete the injury" notwithstanding subsequent communications between Plaintiff and Defendants concerning the denial of benefits.  While some of these subsequent communications occurred after Plaintiff resided in New Mexico, the initial denial occurred while Plaintiff resided in Texas.  Accordingly, Texas was the "place of the wrong," and the law of Texas governs Plaintiff's tort claims.

**CONCLUSION**

Defendants' Motion for Determination of Choice of Law [Docket No. 17] is hereby GRANTED and the laws of the State of Texas govern all of the claims brought by Plaintiff in this cause of action.  By virtue of the Court's determination that Texas law applies to all claims in this lawsuit, those claims for relief brought pursuant to New Mexico statutes are hereby DISMISSED.

**IT IS SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE